### SHERIFF FITCH v. CLARK.

An action of escape will not lie before the City Court, although the escape was in the city and the sheriff lived in the city; if the judgment and execution, on which the prisoner was committed, was rendered and granted out of the city.

ERROR to reverse a judgment of the City Court, in New Haven, in an action brought by said Clark against said Fitch, for the escape of one Michael Peck; who was imprisoned upon an execution issued on a judgment recovered before Justice Buckingham, at Milford. The sheriff lived in the city of New Haven, and the gaol from whence said Peck escaped was within said city.

The defendant plead to the jurisdiction of said City Court— That the judgment upon which the execution issued, by which Peck was imprisoned, was recovered before Justice Buckingham, at Milford, out of the city of New Haven, and so said cause of action did not arise within said city. The City Court determined the defendant's plea in abatement insufficient. The plaintiff recovered.

Errors assigned — 1st. That the cause of action arose without the limits of said city. 2d. That the declaration is insufficient.

Judgment — Manifest error. The judgment on which the plaintiff declares, as the foundation of his action, was recovered

at Milford, out of said city; to which the defendant might.
plead, that there was no such record; and the plaintiff must
prove his judgment and execution, as well as the commitment
and escape, in order to recover against the gaoler; and although
the commitment and the escape were in the city; yet these
would not furnish a cause of action without a legal judgment
and execution; any more than the nondelivery of twenty hogs-
heads of rum, which the defendant bound himself by bond
executed out of the city, to deliver within the city.    See the
case of Cornwell v. Hosmer, adjudged at Middletown this.
circuit.    Also, the next case Austin v. Sheriff Fitch.


